Tbe opinion of tbe Court was delivered by
Wardlaw, J.
There are three counts, all alleging tbe undertaking of tbe defendant as a real-estate broker, for compensation to be retained by commissions at tbe usual rate, to sell a plantation of tbe plaintiff’s for Confederate currency ; and all in effect claiming damages for tbe breach of bis duty to sell with care and diligence, and promptly to col *193 lect and pay over the proceeds. The first alleges his delay of collection and payment until the currency became greatly depreciated in value, whereby the plaintiff lost the opportunity of investing the proceeds, and they became worthless; and further, that the defendant has not as yet rendered a just account of the sale and its proceeds, and thereby the plantation and its value have been wholly lost to the plaintiff. The second alleges the defendant’s undertaking to pay the proceeds of sale to Messrs. O’Hear, Eoper and Stoney, plaintiff’s factors, — his default of diligence and promptness in collecting, and his neglect to pay to the said factors, — whereby the proceeds of sale have been wholly lost to the plaintiff. The third alleges sale and such carelessness, negligence, improper conduct, and breach of duty on the part of the defendant, that the proceeds were lost to the plaintiff, — were not paid to him or his agent, — and were not applied to the purchase of other land or to the payment of debts due by the plaintiff, as otherwise they might and would have been, and the plaintiff has lost the value of his plantation.
Each of the counts contains in the breach the words, “ contriving and intending craftily and subtly to deceive and defraud the plaintiff;” but this is mere superfluous verbiage, often introduced into the conclusion of a common money count in a declaration in assumpsit. Such words do not of themselves amount to a specific allegation of fraud or collusion ; and such allegation is not to be found in the declaration in this case.
The proof shows that a fair sale was made; that delay, so explained by circumstances that it was not complained of in argument here, topic place from November 9, 1864, till January 20, 1865; that on the latter day the purchase-money, in Confederate treasury notes, was paid by the purchaser to the defendant, and a receipt was signed by the defendant, whereby he bound himself to refund to the purchaser'in certain events, the happening of either of which would, without any such *194 special receipt, have subjected him to the obligation of refunding ; that without subsequent delay a title-deed from the plaintiff'to the purchaser was obtained, and about the 10th of February, 1865, was in the hands of the defendant, to be delivered to the purchaser. At that time the money was of some value, and it did not become altogether worthless until some time in May following. It should have been paid to the plaintiff or his agent, or at least, after such delay following the sale, notice should have been given by the defendant that it was in his hands. The defendant’s letter of February 6, 1865, sending the deed to be executed by the plaintiff, made no mention of the money then held by him; nothing appears to have been said about it, when the plaintiff’s brother brought to town the deed executed, and it is yet in bank utterly valueless.
It appears to this Court that the defendant might well have been made answerable for the natural and proximate consequences of his inattention to the duty of giving such notice, as might have saved the plaintiff from further loss, after he had completed the sale by sending the deed to be delivered to the purchaser. ' Of these consequences there is a well-established measure — the value of Confederate currency about February 10, 1865, with interest thereon. The speculative damages which have been spoken of — investment in land or payment of debts prevented — cannot be taken into consideration ; for there is no proper allegation of special damages, no particular proof of such, and no authority for taking them into the estimate. The verdict of $2,500 is, by the plaintiff’s argument, imputed to fraud on the part of the defendant: but, as we have said, there is no proper allegation of fraud. The case, as presented by the proof connected with the allegations, although it is an action on the case for breach of duty, is just as if it had been an action of assumpsit upon the contract implied from the duty; and the discretionary range which fraud and malice sometimes give to a jury in actions *195 sounding merely in damages, can no more be allowed under one form of action than under another, in a case where there is a certain measure of compensation, and vindictive damages are unsuitable to the proof connected with the allegations.
A new trial is ordered.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion granted.